IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TONI ALEXANDRA EVOLA,            )
                                 )
      Plaintiff,                 )
                                 )   Case No. 3:13-cv-0104
v.                               )   Chief Judge Haynes
                                 )
CITY OF FRANKLIN, TENNESSEE,     )
                                 )
      Defendant.                 )

**MEMORANDUM**

Plaintiff, Tony Alexandra Evola, filed this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., against Defendant City of Franklin, Tennessee, her former employer. Plaintiff, who suffers from Post Traumatic Stress Disorder ("PTSD"), alleges that she was terminated from her position as a police officer with the Franklin Police Department in retaliation for asserting her right to take medical leave under the FMLA, and because she is a person with a disability as defined by the ADA.

Before the Court are the parties' cross-motions for summary judgment (Docket Entry Nos. 27 and 36). In its motion, the Defendant argues that, in essence: (1) that Plaintiff lacks proof that the City of Franklin interfered with Plaintiff's FMLA rights or terminated Plaintiff in retaliation for exercising her FMLA rights; and (2) Plaintiff cannot establish a prima facie showing of disability discrimination because Plaintiff was not disabled. In her motion, Plaintiff contends that: (1) the sick leave Plaintiff took before her termination by Defendant was FMLA leave, and that she was terminated in retaliation for taking that leave; and (2) she is disabled within the meaning of the ADA due to her Post Traumatic Stress Disorder ("PTSD").

Also before the Court is Defendant's motion to strike Plaintiff's affidavit (Docket Entry No.

49), in whole or in part as contradicting her earlier deposition testimony. Of the pending motions, the Court considers first the motion to strike the disposition of which may impact the resolution of the parties' cross motions for summary judgment.

### A. Defendant's Motion to Strike

Defendant argues that Plaintiff's declaration(Docket Entry No. 38) should be stricken because it contradicts her earlier sworn statements, is in part hearsay, and in part without Plaintiff's personal knowledge. Specifically, Defendant argues that: (1) the spreadsheet attached to Plaintiff's declaration, which purports to show sick leave taken by Plaintiff from 2009 through 2011, lacks a proper evidentiary foundation, and is demonstrably inconsistent with Plaintiff's prior testimony; (2) Plaintiff's statement that her PTSD was the cause of 75% of the sick leave she took from 2009 through 2011 is contradicted by her prior testimony and responses to Defendant's interrogatories; and (3) Plaintiff's statement that a citizen filed a complaint against Plaintiff because Plaintiff "questioned her in a manner which made her aware [Plaintiff] was suspicious of her" is not based on Plaintiff's personal knowledge.

Under Fed. R. Civ. P. 56(c)(4), "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." "A party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts her earlier deposition testimony." Reid v. Sears, Roebuck & Co., 790 F.2d 453, 460 (6th Cir. 1986), and "a party should not be able to create a disputed issue of material fact where earlier testimony on that issue by the same party indicates that no such dispute exists." Aerel, S.R.L. v. PCC Airfoils, L.L.C., 448 F.3d 899, 907 (6th Cir. 2006).

The Court concludes that Defendant's motion to strike should be granted, in part, to strike the spreadsheet attached to Plaintiff's declaration for lack of proof of its reliasblity. As an example the spreadsheet lists leave on July 1, 2011, several weeks after Plaintiff's employment termination date of June 10, 2011, and omits sick leave Plaintiff took in April, 2011. (Docket Entry No. 30-1; Docket Entry No. 41-3 at 21). The Court also concludes that Plaintiff's statement that PTSD was the cause of an estimated 75% of her sick leave directly contradicts Plaintiff's earlier response to Defendant's interrogatories that at no point after January 1, 2009 was she unable to work due to disability. (Docket Entry No. 48-1 at 2). In addition, this statement contradicts her deposition testimony that the last time she took PTSD related leave was 2009. (Docket Entry No. 29-1 at 19). Finally, Plaintiff's statement about a citizen filing a complaint against Plaintiff because Plaintiff "questioned her in a manner which made her aware [Plaintiff] was suspicious of her," is not shown to be based upon Plaintiff's personal knowledge.

### B. Findings of Fact[1]

The City of Franklin hired Plaintiff as a police officer on June 17, 2002. (Docket Entry No. 30-1). Plaintiff's employee record from 2002 through 2008 does not reflect any substantial negative incidents or negative remarks concerning Plaintiff's performance as a police officer. (Docket Entry No. 41-6 at 169-172). However, significant problems with Plaintiff's performance began to develop

---

[1]Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 f.2d 43, 46 (6th Cir. 1986) app. 840 f.2d 16 (6th Cir. 1988) (unpublished opinion). As will be discussed infra, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52, 106 S.Ct. 2502, 91 L.Ed.2d 202 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, 276 (1986). The Court concludes that, under the applicable law and Plaintiff's response to Defendant's Statement of Undisputed Facts, there are some factual disputes, but those disputes are not material. Thus, this section constitutes findings of fact under Fed.R.Civ.P. 56(d).

in 2009, culminating in Defendant's termination of Plaintiff's employment in June, 2011.

On November 4, 2009 Plaintiff was placed on administrative leave pending the results of a psychological fitness for duty examination after three complaints about Plaintiff's lack of professional behavior during October, 2009. (Docket Entry No. 30-6). On November 9, 2009 Plaintiff underwent a psychological fitness for duty examination, and was deemed "fit for duty and ready to return to her position with the Franklin Police Department." (Docket Entry No. 30-7 at 7).

On May 5, 2010 a citizen, an attorney in the Franklin, Tennessee area, filed a complaint against the Plaintiff citing a heated verbal altercation with Plaintiff, and on May 10, 2010 the Defendant commenced an internal affairs investigation of that complaint. (Docket Entry No. 30-8 at 1). The altercation occurred after a juvenile court hearing during which the attorney examined Plaintiff, as a witness at the hearing. Id. at 15. After the hearing, Plaintiff asked to speak with the attorney, and proceeded to engage in what the attorney and several witnesses described as a "hostile rant," with several statements that the attorney found threatening, such as "you had better watch it out there." Id. at 14-17. Plaintiff denied threatening the attorney, but did not denyt the altercation.. Id. at 20. Based upon the internal affairs investigation of this May 5, 2010 altercation, Jackie Moore, Defendant's Chief of Police, concluded that Plaintiff's actions violated Franklin Police Department General Order 700.01, and suspended Plaintiff for two days without pay. (Docket Entry 30-9 at 1).

On April 20, 2011 Plaintiff was involved in an altercation with a citizen, a nineteen year old clerk at a grocery store in Franklin, Tennessee. (Docket Entry No. 31-2 at 9). Plaintiff, while on duty, parked her marked police patrol vehicle in the fire lane in front of a grocery store. Id. As Plaintiff exited the vehicle, a young female grocery store employee alerted Plaintiff that she had parked her vehicle in a no parking zone. Id. A brief verbal exchange followed, after which Plaintiff entered the

4

store, did not find what she was looking for, reentered her vehicle and left the area. Id. A few minutes later, Plaintiff returned to the store and asked the young employee's manager if Plaintiff could speak to the employee. Id. Thereafter, a protracted and intense exchange occurred between Plaintiff and the young employee Id. Plaintiff was placed on administrative leave without pay on April 26, 2011 pending an investigation of the incident (Docket Entry No. 31-1). Plaintiff waived her right to a disciplinary hearing. (Docket Entry No. 31-3). After an investigation into the incident, Dave Rahinsky, Franklin's Interim Chief of Police, determined that Plaintiff had violated Franklin Police Department General Order 300.07, relating to police authority and use of discretion. (Docket Entry No. 31-4). Rahinsky also determined that the incident was the latest in a series of incidents evincing Plaintiff's inappropriate acts and recommended Plaintiff's termination from the police department. Id. at 4. The Defendant terminated Plaintiff's employment on June 10, 2011. (Docket Entry No. 30-1).

During her employment with the Defendant, Plaintiff took leave under the FMLA on several occasions: from April 2, 2007 through April 5, 2007; from October 22, 2007 through November 5, 2007; from February 4, 2009 through February 11, 2009; and from March 9, 2009 to May 9, 2009 (Docket Entry No. 30-2 at 1, 9, 17; Docket Entry No. 30-3 at 7-8; Docket Entry No. 41-4 at 27). Plaintiff does not cite evidence that she requested this leave as FMLA leave at any time after May 9, 2009, and in her deposition testimony, Plaintiff admitted that she did not seek or take FMLA leave after May 9, 2009. (Docket Entry No. 29-1 at19-23). Plaintiff, however, took sick leave on several occasions after May 9, 2009, including two days of sick leave taken in April 2011, shortly before Defendant terminated Plaintiff's employment. (Docket Entry No. 41-3 at 21).

After the Franklin Police Department received three complaints regarding Plaintiff's behavior

between October 1, 2009 and October 10, 2009, the police department directed Plaintiff to receive a psychological evaluation to determine if she was fit for duty (Docket Entry No. 30-7 at 1) In March, 2009, Plaintiff was diagnosed with Post Traumatic Stress Disorder and panic attacks without agoraphobia. Id. at 2). Plaintiff voluntarily sought admission to an inpatient mental health facility. Id. at 1. On November 9, 2009, Dr. Brenda C. Rambo who evaluated plaintiff opined that Plaintiff was "fit for duty and ready to return to her position with the Franklin Police Department." Id. at 7. During the psychological evaluation, Plaintiff stated that she had not experienced recurring symptoms of PTSD or anxiety since she began receiving treatment. Id. at 2.

## C. CONCLUSIONS OF LAW

"The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed. R. Civ. P. 56 advisory committee notes. Moreover, "district courts are widely acknowledged to possess the power to enter summary judgment *sua sponte*, so long as the opposing party was on notice that [he] had to come forward with all of [his] evidence." Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986); accord Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir. 1989).

In Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), the United States Supreme Court explained the nature of a motion for summary judgment:

> Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." By its very terms, this standard provides that the mere existence of **some** alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no **genuine** issue of **material** fact.

6

> **As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.** Factual disputes that are irrelevant or unnecessary will not be counted.

477 U.S. at 247-48 (emphasis in the original and added in part). Earlier the Supreme Court defined a material fact for Rule 56 purposes as "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Electrical Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citations omitted).

A motion for summary judgment is to be considered after adequate time for discovery. Celotex, 477 U.S. at 326 (1986). Where there has been a reasonable opportunity for discovery, the party opposing the motion must make an affirmative showing of the need for additional discovery after the filing of a motion for summary judgment. Emmons v. McLaughlin, 874 F.2d 351, 355-57 (6th Cir. 1989). But see Routman, 873 F.2d at 971.

There is a certain framework in considering a summary judgment motion as to the required showing of the respective parties, as described by the Court in Celotex:

> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. . . . [W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.

Celotex, 477 U.S. at 323 (emphasis deleted).

As the Court of Appeals explained, "[t]he moving party bears the burden of satisfying

7

Rule 56(c) standards." Martin v. Kelley, 803 F.2d 236, 239 n. 4 (6th Cir. 1986). The moving party's burden is to show "clearly and convincingly" the absence of any genuine issues of material fact. Sims v. Memphis Processors, Inc., 926 F.2d 524, 526 (6th Cir. 1991)(quoting Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986)). "So long as the movant has met its initial burden of 'demonstrat[ing] the absence of a genuine issue of material fact,' the nonmoving party then 'must set forth specific facts showing that there is a genuine issue for trial.'" Emmons, 874 F.2d at 353 (quoting Celotex and Rule 56(e)).

Once the moving party meets its initial burden, the United States Court of Appeals for the Sixth Circuit warned that "the respondent must adduce more than a scintilla of evidence to overcome the motion [and]. . . must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)(quoting Liberty Lobby). Moreover, the Court of Appeals explained that:

> The respondent must "do more than simply show that there is some metaphysical doubt as to the material facts." Further, "[w]here the record taken as a whole could not lead a rational trier of fact to find" for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is "implausible."

Street, 886 F.2d at 1480 (citations omitted). See also Hutt v. Gibson Fiber Glass Products, 914 F.2d 790, 792 (6th Cir. 1990) ("A court deciding a motion for summary judgment must determine 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'") (quoting Liberty Lobby).

If both parties make their respective showings, the Court then determines if the material factual dispute is genuine, applying the governing law.

8

> More important for present purposes, **summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.**
>
> . . . .
>
> Progressing to the specific issue in this case, we are convinced that **the inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits.** If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, **the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented.** The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. **The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict -- "whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed."**

Liberty Lobby, 477 U.S. at 248, 252 (citation omitted and emphasis added).

It is likewise true that:

> In ruling on [a] motion for summary judgment, the court must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated. It has been stated that: 'The purpose of the hearing on the motion for such a judgment is not to resolve factual issues. It is to determine whether there is any genuine issue of material fact in dispute. . . .'

Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425, 427 (6th Cir. 1962) (citation omitted). As the Court of Appeals stated, "[a]ll facts and inferences to be drawn therefrom must be read in a light most favorable to the party opposing the motion." Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986).

The Sixth Circuit further explained the District Court's role in evaluating the proof on a summary judgment motion:

> A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim. Rule 56 contemplates a limited marshalling of evidence by the nonmoving party sufficient to establish a genuine issue of material fact for trial. This marshalling of evidence, however, does not require the nonmoving party to "designate" facts by citing specific page numbers. Designate means simply "to point out the location of." Webster's Third New InterNational Dictionary (1986).
>
> Of course, the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the nonmoving party relies; but that need for specificity must be balanced against a party's need to be fairly apprised of how much specificity the district court requires. This notice can be adequately accomplished through a local court rule or a pretrial order.

InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989). Here, the parties have given some references to the proof upon which they rely. Local Rules 56.01(b)-(d) require a showing of undisputed and disputed facts.

In Street, the Court of Appeals discussed the trilogy of leading Supreme Court decisions, and other authorities on summary judgment and synthesized ten rules in the "new era" on summary judgment motions:

1. Complex cases are not necessarily inappropriate for summary judgment.

2. Cases involving state of mind issues are not necessarily inappropriate for summary judgment.

3. The movant must meet the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case.

4. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential

element of his or her case.

5. A court should apply a federal directed verdict standard in ruling on a motion for summary judgment. The inquiry on a summary judgment motion or a directed verdict motion is the same: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

6. As on federal directed verdict motions, the "scintilla rule" applies, i.e., the respondent must adduce more than a scintilla of evidence to overcome the motion.

7. The substantive law governing the case will determine what issues of fact are material, and any heightened burden of proof required by the substantive law for an element of the respondent's case, such as proof by clear and convincing evidence, must be satisfied by the respondent.

8. The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment."

9. The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

10. The trial court has more discretion than in the "old era" in evaluating the respondent's evidence. The respondent must "do more than simply show that there is some metaphysical doubt as to the material facts." Further, "[w]here the record taken as a whole could not lead a rational trier of fact to find" for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is "implausible."

Street, 886 F.2d at 1479-80 (citations omitted).

The Court has distilled from these collective holdings four issues that are to be addressed upon a motion for summary judgment: (1) has the moving party "clearly and convincingly" established the absence of material facts?; (2) if so, does the plaintiff present sufficient facts to establish all the elements of the asserted claim or defense?; (3) if factual support is presented by the nonmoving party, are those facts sufficiently plausible to support a jury verdict or judgment under the applicable law?; and (4) are there any genuine factual issues with respect to those material facts

under the governing law?

### A. Americans with Disabilities Act

The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1210, is intended to ensure that individuals living with disabilities are treated fairly and afforded equal opportunity, including within the workplace. Id. The ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a).

For her ADA claim, Plaintiff must prove that: (1) she is an individual with a disability; (2) she is "otherwise qualified" to perform the job requirements, with or without reasonable accommodation; and (3) she was either denied a reasonable accommodation for her disability or she suffered an adverse employment action solely because of her disability. Smith v. Ameritech, 129 F.3d 857, 866 (6th Cir. 1997). The term 'qualified individual' means "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). An individual is disabled under the ADA if: (1) she has a physical or mental impairment that substantially limits one or more of her major life activities; (2) she has a record of such impairment; or (3) she is regarded as having such an impairment. 42 U.S.C. § 12102(1). Major life activities include but are not limited to functions such as "caring for oneself, performing manual tasks, seeing...walking, standing...learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). An impairment that "substantially limits" one major life activity need not limit other major life activities in order to be consider a disability. Id. at (4)(C). However, "'[i]f [an employee's]

condition does not meet one of these categories even if he was terminated because of some medical condition, he is not disabled within the meaning of the Act. The ADA is not a general protection for medically afflicted persons.'" Daugherty v. Sajar Plastics, Inc., 544 F.3d 696, 703 (6th Cir. 2008) (citation omitted).

"The definition of disability in [the ADA] shall be construed in favor of broad coverage of individuals under this Act." Verhoff v. Time Warner Cable, Inc. 299 Fed. Appx. 488, 494 (6th Cir. 2008) *citing* Pub. L. No. 110-325, § 4(4)(A). Under the ADA, an individual's disability must be determined on a case-by-case basis. Sebest v. Campbell City School Dist. Bd. Of Educ., 94 Fed. Appx. 320, 326-27 (6th Cir. 2004). After a court decisions construing the term "disability" too restrictive, in 2008 Congress passed the ADA Amendments Act ("ADAAA") that requires the term "disability" to be construed broadly. 42 U.S.C. § 1202(4)(A).

Plaintiff's proof of her disability includes depositions of current or former City of Franklin employees, none of whom is a medical professional. (Docket Entry Nos. 41, 42). The Defendant, however submitted medical proof that Plaintiff suffers from PTSD. (Docket Entry No. 30). Yet, Plaintiff's proof does not address whether Plaintiff's PTSD impairs or limits one or more of her major life activities or that Defendant regarded her PTSD as an impairment, as required for Plaintiff's ADA claim. Although Plaintiff's complaint alleges that her PTSD "significantly affects her sleep, energy levels, ability to work, ability to concentrate, and ability to engage in social interactions," (Docket Entry No. 1, ¶ 11), Plaintiff lacks any proof for these allegations. Thus, the Court concludes that Plaintiff's proof on her ADA claim cannot support a judgment on that claim.

### B. Family and Medical Leave Act Claim

Under the FMLA, Plaintiff must prove: (1) exercise of a right under the FMLA; (2) her

exercise of those rights was known to Defendant; (3) she suffered an adverse employment decision; and (4) a causal connection between her protected activity and the adverse employment action. See Skrjanc v. Great Lakes Power Serv. Co., 272 F 3d 309, 314 (6th Cir. 2001). If Plaintiff establishes a prima facie showing, Defendant bears the burden to articulate a legitimate non-discriminatory reason for Plaintiff's discharge. If Defendant articulates such a reason, then Plaintiff must prove Defendant's cited reason to be untrue or a pretext for retaliation. Id. at 315.

Here, Plaintiff took FMLA leave during her term of employment with Defendant and thet Defendant was aware that Plaintiff had exercised this FMLA right. Plaintiff suffered an adverse employment decision when Defendant terminated her employment. As to whether a causal connection exists between Plaintiff's exercise of her FMLA rights and Defendant's decision to terminate Plaintiff, the Court concludes that Plaintiff's proof does not established a causal connection between her use of FMLA leave and Defendant's decision to terminate her employment.

The undisputed facts are that Plaintiff had a series of serious incidents that resulted in complaints against Plaintiff by citizens and fellow officers, including three incidents in October 2009, the August 2010 altercation with an attorney in Brentwood, Tennessee, and the May 19, 2011 confrontation of the Publix grocery store employee. (Docket Entry No. 30-7 at 3-4; Docket Entry No. 30-8; Docket Entry No. 31-2). After the August 2010 and May 2011 incidents, Defendant initiated formal disciplinary hearings against Plaintiff. (Docket Entry No. 30-9; Docket Entry No. 31-4). Plaintiff waived her right to a hearing in both instances, and in both instances the Defendant found that Plaintiff violated City of Franklin Police Department's rules. Id. Plaintiff exhibited with excessive anger and poor judgment that substantially interfered with her ability to perform her duties as a police officer. The incidents in question spanned nearly two years, and resulted in multiple

disciplinary proceedings against the Plaintiff, ultimately leading to Defendant's termination of Plaintiff's employment.

In addition, by her admission, did not take FMLA leave anytime after May 9, 2009. Plaintiff's deposition testimony reflects her wareness of the Defendant's procedure to take FMLA leave; but Plaintiff did not submit the requisite form to inform the Defendant of her FMLA leave request at any point after her extended leave of absence in the spring of 2009. (Docket Entry No. 29-1 at 14, 17, 21). Given the time between Plaintiff's last documented use of FMLA leave on May 9, 2009 and her termination on June 10, 2011, coupled with her inappropriate acts as a police officer, the Court does not discern any proof suggestive of a causal connection between Plaintiff's FMLA leave and Defendant's termination of her employment. The Defendant proof provides a legitimate non-discriminatory reason for Plaintiff's termination and Plaintiff's proof does not show these reasons to be pretextual.. To prove pretext,. Plaintiff can prove that the Defendant's stated reasons (1) had no basis in fact, (2) did not actually motivate his discharge, or (3) were insufficient to motivate the discharge. Manzer v. Diamond Shamrock Chemicals Co., 29 F.3d 1078, 1084 (6th Cir. 1994) Plaintiff's proof does not met this burden.

Accordingly, the Court concludes that Defendant's motion for summary judgment (Docket Entry No. 27) should be granted, and Plaintiff's motion for summary judgment (Docket Entry No. 36) should be denied.

An appropriate order is filed herewith.

ENTERED this the 27 day of April, 2014.

WILLIAM J. HAYNES, JR.
Chief United States District Judge